# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Iryna Samborskaya,

Petitioner,

v.

Chris Howard, et al.,

Respondents.

No. CV-26-00716-PHX-DJH

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention and her potential removal to a third country without notice or an opportunity to challenge that removal. On July 23, 2026, Respondents filed a Notice indicating Petitioner was scheduled to be removed in early August. (Doc. 10.) On July 29, 2026, Petitioner filed a Motion for Temporary Restraining Order seeking to enjoin her removal to a third country because she had received no notice of the country to which she would be removed or been given a credible-fear interview. (Doc. 11.)

The next day, the Court granted the Motion, stating that:

> The Court will grant the Motion to the extent that Respondents will be enjoined from removing Petitioner pending further order of the Court and will direct Respondents to respond to the balance of Petitioner's Motion.

(Doc. 12.) Respondents then filed a Response to the remainder of the Motion and Petitioner filed a Reply. On August 6, 2026, however, Petitioner filed a Notice stating "Despite the Court's express command, Respondents removed Petitioner to Moldova." (Doc. 15.) The Court's July 30, 2026 Order was clear: Respondents were enjoined from

removing Petitioner.

Respondents filed a Response to Petitioner's Notice in which counsel for Respondents stated:

> Undersigned counsel acknowledges receipt of the Court's order on July 30 requiring response to the Motion for Temporary Restraining Order on July 31, 2026. (Doc. 12). However, while counsel filed a response to the Motion, counsel who was working quickly to meet numerous habeas-related deadlines, failed to recognize that the Court also temporarily enjoined removal until the Motion was decided, i.e., until further order of the Court. Counsel takes full responsibility for this error. As a result, however, U.S. Immigration and Customs Enforcement was never notified that they were temporarily enjoined from removing Peitioner. As a result, Petitioner was removed from the United States on August 5, 2026, on a previously scheduled flight. Upon discovery of her error, undersigned counsel immediately contacted U.S. Immigration and Customs Enforcement who are aware of the error and are prepared to make efforts to return Petitioner to the United States upon Court order.

(Doc. 16.) Because Respondents acknowledge Petitioner was removed in violation of the Court's July 30, 2026 Order, it is unclear to the Court why an Order is necessary to effectuate Petitioner's return to the United States. Rather, Respondents should—without being ordered to do so—undertake immediate efforts to rectify their unlawful conduct. In an abundance of caution, however, the Court will nonetheless direct Petitioner be returned to the United States within 14 days.

The Court will require also require counsel to show cause why she should not be held in contempt for failing to comply with the July 30, 2026 Order. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *see Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (providing standards for contempt).

**IT IS THEREFORE ORDERED** that Respondents must undertake immediate efforts to effectuate Petitioner's return to the United States and Petitioner must be returned to the United States within 14 days.

**IT IS FURTHER ORDERED** that Respondents must file a further Response to Petitioner's Notice no later than August 12, 2026. That Response must (1) explain how

- 2 -

they will facilitate Petitioner's return to the United States and (2) show cause why they should not be held in contempt of court for violating the Court's July 30, 2026 Order enjoining Petitioner's removal.

Dated this 6th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge